IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                          ORDER

       v.                                  09-CR-52-C-01

EARL SAMUEL STUART,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     A hearing on the probation office's petition for judicial review of Earl Samuel Stuart's supervised release was held on February 5, 2010, before United States District Judge Barbara B. Crabb.  The government appeared by Timothy M. O'Shea, Assistant United States Attorney.  Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman.  Also present was United States Probation Officer Michael Bell.

     From defendant's stipulations, I make the following findings of fact.

FACTS

     Defendant was sentenced in the District of Minnesota on April 6, 1990, following his conviction for aiding and abetting possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(1) and 846.  This offense is a Class B felony.  He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 262 months, with a 60-

month term of supervised release to follow.

Defendant began his term of supervised release on January 21, 2009. On April 22, 2009, jurisdiction was transferred to the Western District of Wisconsin. On November 9, 2009, defendant violated the statutory condition of supervision prohibiting him from committing another federal, state, or local crime, when he possessed and distributed marijuana.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon a finding of a Grade A violation.

## CONCLUSIONS

Defendant's violation requires revocation. Defendant's criminal history category is VI. With a Grade A violation, defendant has an advisory guideline term of imprisonment of 33 to 41 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, because the offense for which he was convicted is a Class B felony.

Because defendant has pleaded guilty to an information charging the same criminal conduct to which his supervised release is being revoked, I will stay imposition of any sentence in the matter of his violation of the conditions of supervised release until

sentencing in the criminal matter.

Entered this 5th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
Chief District Judge